IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY HAMEL-SCHWULST,
    Plaintiff,

vs.                               Case No.: 3:08cv529/MCR/EMT

JEFFEREY P. NEGROTTO, et al.,
    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil complaint under 28 U.S.C. §§ 1331 and 1332, alleging fraud, misuse of a notary seal, alteration of a security instrument, and violations of the Real Estate Settlement Procedures Act (RESPA) (Doc. 1). Defendant Jefferey Negrotto filed a notice that he instituted a bankruptcy proceeding in the Northern District of Florida; therefore, the instant action against him is automatically stayed (Doc. 27). The undersigned directed the other parties to confer and file a report of their positions regarding whether proceedings should be stayed as against the other Defendants as well (Doc. 35). Some of the parties filed their reports. Pro se Defendants Mary Martin and Dawn Effler took the position that this action should be stayed against all Defendants, with the exception of the court's ruling on the motions to dismiss filed by Ms. Effler and other Defendants (*see* Doc. 50 at 1–2, Ex. D). Defendants Continental Insurance Company (Continental) and Universal Surety of America (Universal) apparently had no position as to the stay issue (*see* Doc. 50 at 2). Likewise, Defendant Notary Public Underwriters of Mississippi, Inc. (NPUM) did not express a position as to the stay (*see id.*). Defendants Traveller's Insurance Company (Traveller's) and Mortgage Electronic Registration Systems, Inc. (MERS), as well as Plaintiff, took the position that the protections of the automatic stay in Defendant Negrotto's bankruptcy proceedings did not extend to the other Defendants (Docs. 48, 50, Ex. E).

Upon consideration of the parties' positions, the undersigned concluded that this action should be stayed only as against Defendant Jefferey Negrotto and not as against the other Defendants; therefore, on May 27, 2009, the undersigned issued a Report and Recommendation to that effect (Doc. 54). Before the Report and Recommendation was referred to the District Judge, Plaintiff changed her position and filed a motion to stay proceedings in this case against all Defendants (Doc. 63). As grounds for her motion, Plaintiff states she participated in arbitration of a related lawsuit pending in the United States District Court for the Southern District of Mississippi and will likely refinance her home, which would resolve most of her claims in the instant lawsuit (*id.*). She also asserts she initiated an adversary proceeding in Defendant Negrotto's bankruptcy case, which will resolve her claims against Defendants Negrotto, Martin, Effler, and U.S. Title and Real Estate Closing Services, Inc. (*id.*). The undersigned directed the other parties to respond to Plaintiff's motion to stay, and they responded as follows: (1) Defendant Effler changed her position and now opposes a stay (Doc. 79); (2) Defendant Martin also changed her position and now opposes a stay (Doc. 80) (3) Defendant MERS believes the most appropriate course is to dismiss this action but does not object to a stay pending arbitration or settlement of Plaintiff's claims involving MERS (Doc. 78); (4) Defendant Traveller's filed a Notice of Settlement stating that Traveller's and Defendant Martin reached a settlement with Plaintiff, and the parties are in the process of finalizing the settlement documents (Doc. 68); (5) Defendant NPUM also filed a notice of settlement indicating the same (Doc. 69); and (6) Defendants Continental and Universal filed a motion for more definite statement (Doc. 72).[1]

The docket reflects that on July 21, 2009, Plaintiff filed a notice of voluntary dismissal of her claims against Traveller's, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, (Doc. 81), and the clerk accordingly entered a dismissal as to that Defendant (Doc. 82). The fact that Plaintiff may be the process of settling her claims against two of the other twelve Defendants (not including Defendant Negrotto), and that her claims against other Defendants may be resolved by

---

[1] Although the undersigned advised Defendant's NPUM, Effler, and Martin that their responses to Plaintiff's motion to stay would not be considered by the court until they corrected the certificate of service deficiency in each of their documents (*see* Docs. 69, 75, 76, 77, 79, 80), the undersigned includes the substance of their responses in this Report and Recommendation so the District Judge will be fully advised of the parties' positions regarding a stay.

Case No. 3:08cv529/MCR/EMT

other judicial proceedings and non-judicial transactions does not justify staying this action against any Defendant except Defendant Negrotto. Three dispositive motions are currently pending, which may dispose of this action as to some or all of the Defendants, and it is the opinion of the undersigned that moving this case to resolution should not be delayed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That unless and until otherwise ordered, all proceedings in this case against Defendant Jefferey Negrotto be **STAYED** pursuant to 11 U.S.C. § 362.

2. That Plaintiff's motion for stay (Doc. 63) be **DENIED** and this action **NOT** be stayed as against the other Defendants.

3. That Defendant Jefferey Negrotto file a notice within **THIRTY (30) DAYS** after the occurrence of any event or condition terminating the automatic stay either explicitly or by operation of law.

4. That each other party file a notice within **THIRTY (30) DAYS** after the party or its attorney learns of the occurrence of any event or condition terminating the automatic stay either explicitly or by operation of law, provided, however, that if one such notice has been filed by any party, no party need file any additional notice.

At Pensacola, Florida, this 24th day of July 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No. 3:08cv529/MCR/EMT