IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY HAMEL-SCHWULST,
 Plaintiff,

vs.               Case No.: 3:08cv529/MCR/EMT

JEFFEREY P. NEGROTTO, et al.,
 Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff initiated this action by filing a civil complaint under 28 U.S.C. §§ 1331 and 1332, alleging fraud, misuse of a notary seal, alteration of a security instrument, and violations of the Real Estate Settlement Procedures Act (RESPA) (Doc. 1). Defendant Jefferey Negrotto filed a notice that he instituted a bankruptcy proceeding in the Northern District of Florida; therefore, the instant action against him is automatically stayed (Doc. 27). The undersigned directed the other parties to confer and file a report of their positions regarding whether proceedings should be stayed as against the other Defendants as well (Doc. 35). Some of the parties filed their reports. Pro se Defendants Mary Martin and Dawn Effler took the position that this action should be stayed against all Defendants, with the exception of the court's ruling on the motions to dismiss filed by Ms. Effler and other Defendants (*see* Doc. 50 at 1–2, Ex. D). Defendants Continental Insurance Company (Continental) and Universal Surety of America (Universal) apparently had no position as to the stay issue (*see* Doc. 50 at 2). Likewise, Defendant Notary Public Underwriters of Mississippi, Inc. (NPUM) did not express a position as to the stay (*see id.*). Defendants Traveller's Insurance Company (Traveller's) and Mortgage Electronic Registration Systems, Inc. (MERS), as well as Plaintiff, took the position that the protections of the automatic stay in Defendant Negrotto's bankruptcy proceedings did not extend to the other Defendants (Docs. 48, 50, Ex. E). Upon consideration of the parties' positions, the undersigned concluded that this action should be stayed only as against

Defendant Jefferey Negrotto and not as against the other Defendants; therefore, on May 27, 2009, the undersigned issued a Report and Recommendation to that effect (Doc. 54).

Before the Report and Recommendation was referred to the District Judge, Plaintiff changed her position and filed a motion to stay proceedings in this case against all Defendants (Doc. 63). As grounds for her motion, Plaintiff states she participated in arbitration of a related lawsuit pending in the United States District Court for the Southern District of Mississippi and will likely refinance her home, which would resolve most of her claims in the instant lawsuit (*id.*). She also asserts she initiated an adversary proceeding in Defendant Negrotto's bankruptcy case, which will resolve her claims against Defendants Negrotto, Martin, Effler, and U.S. Title and Real Estate Closing Services, Inc. (*id.*). The undersigned directed the other parties to respond to Plaintiff's motion to stay, and they responded as follows: (1) Defendant Effler changed her position and opposed a stay (Doc. 92); (2) Defendant Martin also changed her position and opposed a stay (Doc. 80) (3) Defendant MERS posited that the most appropriate course was to dismiss this action, but it did not object to a stay pending arbitration or settlement of Plaintiff's claims involving MERS (Doc. 78); (4) Defendant Traveller's filed a Notice of Settlement stating that Traveller's and Defendant Martin reached a settlement with Plaintiff, and the parties were in the process of finalizing the settlement documents (Doc. 68);[1] (5) Defendant NPUM also filed a notice of settlement indicating the same (Doc. 69); and (6) Defendants Continental and Universal filed a motion for more definite statement (Doc. 72). The undersigned concluded that the fact that Plaintiff was in the process of settling her claims against some Defendants and that her claims against other Defendants may be resolved through other judicial proceedings and non-judicial transactions did not justify staying this action against any Defendant except Defendant Negrotto (due to his pending bankruptcy case); therefore, the undersigned issued an Amended Report and Recommendation recommending that the case be stayed only as against Defendant Negrotto and not as against the other Defendants (Doc. 83).

Before the Amended Report and Recommendation was referred to the District Judge, Plaintiff notified the court that Defendant Negrotto was granted a discharge in the bankruptcy case,

---

[1] Plaintiff subsequently filed a notice of voluntary dismissal of her claims against Traveler's, and the clerk properly entered a dismissal as to this Defendant (Docs. 81, 82).

Case No. 3:08cv529/MCR/EMT

thereby terminating the automatic stay of 11 U.S.C. § 362 (Doc. 85). Additionally, Plaintiff and Defendants Martin and NPUM filed stipulations of dismissal regarding Plaintiff's claims against those Defendants (Docs. 86, 88).[2] Although the recent developments in this case change the undersigned's previous recommendation that this case be stayed as to Defendant Negrotto,[3] they do not change the recommendation that this case should not be stayed as to the other Defendants. The fact that Plaintiff's claims against some Defendants may be resolved by other judicial proceedings and non-judicial transactions does not justify staying this action against any Defendant. Three dispositive motions are currently pending, which may dispose of this action as to some or all of the Defendants, and it is the opinion of the undersigned that moving this case to resolution should not be delayed.

Accordingly, it is **ORDERED**:

The Report and Recommendation and Amended Report and Recommendation previously issued by the undersigned (Docs. 54, 83) are hereby **VACATED**.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for stay (Doc. 63) be **DENIED** and this case **NOT** be stayed as to any Defendant.

2. That the stipulations for dismissal filed by Plaintiff and Defendants Martin and Notary Public Underwriters of Mississippi, Inc. (Docs. 86, 88) be **APPROVED** and Plaintiff's claims against Defendants Martin and Notary Public Underwriters of Mississippi, Inc. be **DISMISSED WITH PREJUDICE**, with each party to bear its own costs and attorney's fee.

At Pensacola, Florida, this 5th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The stipulations indicate that the dismissals are with prejudice and with each party bearing its own costs and attorney's fees (Docs. 86, 88).

[3]By operation of law, discharge of the bankruptcy debtor lifts the automatic stay. *See* 11 U.S.C. § 362(c)(2).

Case No. 3:08cv529/MCR/EMT

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**